## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES DERRICK KELLER,**
**# 06822-025,**

**Petitioner,**

      **vs.**                        **Case No. 14-cv-594-DRH**

**JEFFREY S. WALTON,**

**Respondent.**

## <u>MEMORANDUM AND ORDER</u>

**HERNDON, Chief District Judge:**

Petitioner Charles Keller, an inmate in the Federal Correctional Institution located in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner challenges his enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He claims that the United States Supreme Court's recent decision in *Descamps v. United States*, 570 U.S. ---, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (June 20, 2013), calls into question one of the predicate offenses that gave rise to petitioner's enhanced sentence as an armed career criminal.

This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the

judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  For the reasons set forth below, the petition shall be **DISMISSED**.

## I.     Background

On October 27, 2006, Petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), which carries a maximum punishment of 10 years in prison (Doc. 1-1, p. 2).  *See United States v. Keller*, Case No. 06-cr-40014-JPG (S.D. Ill. 2006) ("criminal case") (Doc. 28).[1] The sentencing judge determined that petitioner had three prior "serious drug offense[s]" or "violent felonie[s]" that qualified him for an enhanced sentence as an armed career criminal under the ACCA.  These offenses included state court felony convictions for possession of hydrocodone with intent to deliver (Sebastian County, Arkansas Case No. CR-99-825-1) ("drug-related conviction"), unlawful possession of a controlled substance with intent to deliver within 2,000 feet of a school (Sequoyah County, Oklahoma Case No. CF-2000-139), and assault with a dangerous weapon (Sequoyah County, Oklahoma Case No. CF-2001-89), among others.  *See Keller v. United States*, 657 F.3d 675, 677 (7th Cir. 2011).  On January 26, 2007, the sentencing court imposed the mandatory minimum

---

[1] In order to determine petitioner's criminal and litigation history, the Court reviewed the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).  Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

sentence under the ACCA of 15 years. *See* 18 U.S.C. §924(e)(1); U.S.S.G. § 4B1.4.

Petitioner did not file a direct appeal. He specifically waived his right to do so in a written plea agreement (Doc. 28, criminal case). This waiver prohibited him from contesting "any aspect of his conviction and sentence" in a direct appeal or collateral attack, unless: (1) "the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court []or any applicable statutory minimum, whichever is greater;" (2) there is a "subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered [in the plea agreement];" or (3) an "appeal[] [is] based upon Sentencing Guideline amendments which are made retroactive. . . ." *See* Plea Agreement at ¶ III.2-.3 (Doc. 28, criminal case).

Petitioner filed a motion under 28 U.S.C. § 2255 on May 11, 2009, in which he challenged his sentence under the first exception noted above. *Keller v. United States*, Case No. 09-cv-365-JPG (S.D. Ill. 2009). On December 7, 2009, the district court found that the exception was inapplicable, and the motion was untimely (Doc. 4). Petitioner appealed, and the Seventh Circuit affirmed the district court's decision on September 23, 2011. *See Keller v. United States*, 657 F.3d 675 (7th Cir. 2011).

## II.   Habeas Petition

Petitioner now argues that he should not have been sentenced under the ACCA because his Arkansas drug-related conviction is not a "serious drug offense" (Doc. 1, p. 6; Doc. 1-1, pp. 1-17).  The sentencing court allegedly applied the wrong analytical framework when reaching this conclusion.   The proper framework is set forth in the United States Supreme Court's recent decision in *Descamps v. United States*, 570 U.S. ---, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) (June 20, 2013).  When applied to his case, petitioner maintains that the drug-related conviction does not qualify as a predicate offense.  In addition, the drug-related conviction does not carry the requisite term of imprisonment of "ten years or more," as is required for a "serious drug offense" under the ACCA.

Petitioner maintains that the sentencing court should not have relied on this conviction to enhance his sentence (Doc. 1-1, p. 2).  Doing so resulted in the imposition of a sentence that exceeds the statutory maximum for petitioner's underlying offense by five years (Doc. 1, p. 8).  It amounts to a misapplication of the ACCA and a miscarriage of justice.

Despite waiving his right to challenge his sentence, petitioner claims that he can proceed under the second exception to the waiver in his written plea agreement.  That exception authorizes challenges to petitioner's conviction and sentence when there is a "subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent" *See* Plea Agreement at ¶ III.2-.3 (Doc. 28,

criminal case).

### III.   <u>Discussion</u>

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence.  *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  Instead, a federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him.  Indeed, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

However, the statute generally limits a prisoner to *one* challenge of his conviction and sentence under § 2255.  A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241.  *See* 28 U.S.C. § 2255(e).  Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the

legality of his detention." *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).   "A procedure for post-conviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions.   First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.   Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively.   Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown   v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

These requirements generally correspond to the waiver exception petitioner relied on when he filed his § 2241 petition.   According to the written plea agreement, the exception allows him to challenge his conviction or sentence when there is a "subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant

actually innocent of the charges."  *See* Plea Agreement at ¶ III.3 (Doc. 28, criminal case).

Even so, the instant § 2241 petition must be dismissed for failure to satisfy these requirements.  It does not fit within the savings clause of § 2255(e).  Petitioner has not demonstrated that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention."

In his § 2241 petition, petitioner primarily relies on the Supreme Court's recent decision in *Descamps v. United States*, 570 U.S. ---, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (June 20, 2013).  Had the sentencing court properly applied the analytical framework announced in *Descamps* to his Arkansas drug-related conviction, petitioner argues, it would not be deemed a "serious drug offense" under the ACCA.  Although the *Descamps* decision post-dates petitioner's sentence and his first § 2255 motion, his reliance on the decision is misplaced.  In *Descamps*, the Supreme Court discussed the proper analytical framework for determining whether a conviction constitutes a "violent felony" under the ACCA, not a "serious drug offense."  *Id*.  The Supreme Court did not signal that the case broke new legal ground or should be retroactively applied to cases involving a "serious drug offense."  However, the Court declines petitioner's request to revisit his sentence on this basis.

Petitioner cites decisions of other courts in support of his argument that *Descamps* does, in fact, extend to "serious drug offense[s]" (Doc. 1-1, p. 13).  Only one of those decisions was issued by the Seventh Circuit or a district court within

the circuit.  *See United States v. Spencer*, 739 F.3d 1027 (7th Cir. 2014).  It has little relevance to this case.  In *Spencer*, the Seventh Circuit held on direct appeal that a drug-related conviction in Wisconsin did not constitute a "serious drug offense" because the Wisconsin criminal statute did not carry a maximum term of imprisonment of ten or more years.  The Seventh Circuit cited *Descamps*, as well as many other cases, with approval.  This, alone, does not support a broad expansion of that decision into the context of "serious drug offense[s]." Significantly, petitioner failed to cite a recent decision from this district that squarely addresses the issue and reaches a contrary conclusion. *See Ellerman v. Walton*, 2014 WL 103831, at 3 (S.D. Ill. January 10, 2014) (Proud, J.)(finding that *Descamps* is not applicable to convictions involving "serious drug offense[s]" because it "concern[s] only the definition of violent felony under the ACCA, and not the definition of serious drug offense"); *see also Groves v. United States*, --- F.3d ---, 2014 WL 2766171 (7th Cir. June 19, 2014) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."); *Pulley v. United States*, 2014 WL 2206893 (N.D. Ind. May 27, 2014) (Simon, J.)(finding that *Descamps* neither breaks new legal ground nor appears to be retroactively applicable on collateral review).  Based on the foregoing discussion, the Court finds that *Descamps* provides no basis for revisiting petitioner's enhanced sentence or his "serious drug offense" at this time.

Petitioner also argues that his drug-related conviction is not a "serious drug offense" under the ACCA because it does not carry a maximum term of ten years

or more.  The argument hinges on language in the ACCA that has not changed since petitioner's sentencing.  For a person whose prior crime was a violation of state law, the ACCA defines a "serious drug offense" as:

> [a]n offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) **for which a maximum term of imprisonment of ten years or more is prescribed by law**;

18 U.S.C. § 924(e)(2)(A)(2)(ii).  Petitioner should have raised this argument on direct appeal or in his first § 2255 motion.  Petitioner's choice to raise this argument, apparently for the first time, in this petition does not warrant relief under § 2241.  The Seventh Circuit has made it clear that the remedy offered under § 2255 is not inadequate or ineffective merely because the claim that is being advanced in the § 2241 petition could have been, or was, advanced in a prior § 2255 motion.  *Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2002); *Davenport*, 147 F.3d at 609.  Further, the fact that petitioner waived his right to challenge his sentence and conviction does not render § 2255 inadequate.  Likewise, the fact that his first § 2255 motion was untimely also does not render § 2255 inadequate.  The Seventh Circuit has observed that "[a] prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate. . . ."  *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) (emphasis in original).  Because petitioner has not demonstrated that § 2255 is "inadequate or ineffective," he cannot pursue his claims under § 2241.

## IV.   <u>Disposition</u>

**IT IS HEREBY ORDERED** that the petition is summarily **DISMISSED** on the merits with prejudice.   Respondent **JEFFREY S. WALTON** is also **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.   *See* FED. R. APP. P. 24(a)(1)(C).   If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).   A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[2] appeal deadline.  It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Signed this 23rd day of June, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.06.23
16:21:51 -05'00'

**Chief Judge**
**U.S. District Court**